Ben A. Kaplan
**CHULSKY KAPLAN LLC**
280 Prospect Ave. 6G
Hackensack, NJ 07601
Phone: (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff(s)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JONATHAN JARAMILLO A/K/A JONATHAN JARAMILLO-AURIA, on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>MIDLAND CREDIT MANAGEMENT, INC. and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

## LOCAL CIVIL RULE 10.1 STATEMENT

1. The mailing addresses of the parties to this action are:

    JONATHAN JARAMILLO A/K/A JONATHAN JARAMILLO-AURIA
    64 Seger Avenue, 1
    Clifton, New Jersey 07011

    MIDLAND CREDIT MANAGEMENT, INC.
    2365 Northside Drive, Suite 300
    San Diego, California 92108

## PRELIMINARY STATEMENT

2. Plaintiff on behalf of himself and all others similarly situated ("Plaintiff"), by and through his attorneys, alleges that the Defendant, MIDLAND CREDIT MANAGEMENT, INC.

Page **1** of **11**

("MCM") and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

4. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district and at least one of the Plaintiffs resides in this jurisdiction.

## DEFINITIONS

5. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

6. Plaintiff is a natural person, a resident of Passaic County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. MCM maintains a location at 2365 Northside Drive, Suite 300, San Diego, California 92108.

8. MCM uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9. MCM is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who were harmed by the Defendant's conduct in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

> All New Jersey consumers that Defendant failed to cease communicating with after receiving a communication from those New Jersey consumers as set forth herein or a similar communication.
>
> The class definition may be subsequently modified or refined. The Class period begins one year prior to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

> a. <u>Numerosity:</u> The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were harmed by the Defendant's conduct in violation of the FDCPA.

      Plaintiff is complaining about a standard conduct that occurred to at least fifty (50) persons.

b. <u>Commonality:</u> There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    i. Whether the Defendants violated various provisions of the FDCPA;

    ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    iv. Whether Plaintiff and the Class are entitled to declaratory relief.

c. <u>Typicality:</u> Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d. <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

14. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

15. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

16. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

17. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18. Sometime prior to August 17, 2020, Plaintiff allegedly incurred a financial obligation to COMENITY BANK ("COMENITY BANK").

19. The COMENITY BANK obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

20. Plaintiff incurred the COMENITY BANK obligation by obtaining goods and services which were primarily for personal, family and household purposes.

21. Plaintiff did not incur the COMENITY BANK obligation for business purposes.

22. The COMENITY BANK obligation did not arise out of a transaction that was for business use.

23. The COMENITY BANK obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

24. COMENITY BANK is a "creditor" as defined by 15 U.S.C. § 1692a(4).

25. At some time prior to August 17, 2020, the COMENITY BANK obligation was purchased by and/or sold to MIDLAND FUNDING, LLC ("MIDLAND FUNDING").

26. At the time the COMENITY BANK obligation was purchased by and/or sold to MIDLAND FUNDING, the obligation was in default.

27. The principal purpose of MIDLAND FUNDING is the collection of debts which are in default at the time it purchases the debts.

28. At some time prior to August 17, 2020, MIDLAND FUNDING referred the COMENITY BANK obligation to MCM for the purpose of collections.

29. At the time the COMENITY BANK obligation was referred to MCM, the COMENITY BANK obligation was in default pursuant to the terms of the agreement creating the obligation and/or by operation of law.

30. Plaintiff caused to be delivered to MCM a letter dated August 17, 2020.

31. The August 17, 2020 letter was sent to MCM in connection with the collection of the COMENITY BANK obligation.

32. The August 17, 2020 letter which was sent to MCM stated in part:

> Please be advised that I dispute the above debt. **I also refuse to make any payment toward it**. (emphasis added)

33. 15 U.S.C. § 1692c(c) of the FDCPA provides that:

> **If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt** or that the consumer wishes the debt collector to cease further communication with the consumer, **the debt collector shall**

**not communicate further with the consumer with respect to such debt**, **except**--

(1) to advise the consumer that the debt collector's further efforts are being terminated;

(2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or

(3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

If such notice from the consumer is made by mail, notification shall be complete upon receipt. (emphasis added)

34. MCM caused to be delivered to Plaintiff a letter dated September 14, 2020 and another letter dated September 21, 2020, which were addressed to Plaintiff ("MCM LETTERS"). Copies of the letters are annexed hereto as **Exhibit A**, which are fully incorporated herein by reference.

35. The MCM LETTERS were sent to Plaintiff in connection with the COMENITY BANK obligation.

36. The MCM LETTERS were sent to Plaintiff by MCM in response to the August 17, 2020 letter that Plaintiff sent to MCM.

37. The MCM LETTERS are each a "communication" as defined by 15 U.S.C. § 1692a(2).

38. Upon receipt, Plaintiff read the MCM LETTERS.

39. The MCM LETTERS did not state that MCM's further efforts were being terminated.

40. The MCM LETTERS did not advise that MCM or MIDLAND FUNDING may invoke specified remedies which are ordinarily invoked by MCM or MIDLAND FUNDING.

41. The MCM LETTERS letter did not advise that MCM or MIDLAND FUNDING intended to invoke a specified remedy.

42. MCM knew or should have known that its actions violated the FDCPA.

43. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

44. Defendants' conduct and actions violate the FDCPA, by *inter alia*:

    (a) Continuing to communicate with a consumer with respect to a debt after being advised by the consumer in writing that he or she refused to pay such debt;

    (b) Using false, deceptive or misleading representations or means in connection with the collection of a debt; and

    (c) Using a false representation or deceptive means to collect or attempt to collect a debt.

45. On information and belief, Defendant engaged in the practices described herein, for at least 50 natural persons within New Jersey within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

46. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

47. Defendant violated 15 U.S.C. § 1692c(c) of the FDCPA as described herein.

48. Defendant violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with its attempts to collect debts from Plaintiff and others similarly situated.

49. Defendant violated 15 U.S.C. § 1692e of the FDCPA in connection with Plaintiff and others similarly situated.

50. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

51. As described herein, Defendant engaged in a false representation or deceptive means to collect or attempt to collect the debt.

52. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

53. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

54. Plaintiff and others similarly situated have a right to have the Defendant abide by its obligations under the FDCPA and those specifically found at 15 U.S.C. § 1692c(c).

55. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

56. Plaintiff has suffered damages and other harm as a direct result of the Defendants' actions, conduct, omissions and violations of the FDCPA described herein.

57. Defendant's failure to act as described herein caused harm to the credit of Plaintiff and others similarly situated.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: October 16, 2020                            Respectfully submitted,

By:   *s/ Ben A. Kaplan*
Ben A. Kaplan, Esq. (NJ 0337712008)
CHULSKY KAPLAN, LLC
280 Prospect Avenue, 6G
Hackensack, New Jersey 07601
Phone (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff

**CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

Dated: October 16, 2020

*s/ Ben A. Kaplan*
Ben A. Kaplan, Esq. (NJ 0337712008)
CHULSKY KAPLAN, LLC
280 Prospect Avenue, 6G
Hackensack, New Jersey 07601
Phone (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff
